The document below is hereby signed.

Signed: May 14, 2013



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| JEFFREY SCOTT ALLEN, SR., | ) | Case No. 13-00003 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

### MEMORANDUM DECISION RE MOTION FOR RELIEF FROM THE AUTOMATIC STAY

The debtor opposes the pending motion for relief from the automatic stay with respect to his home.  The motion will be granted.  The debtor has exempted the property and has received a discharge, and no bankruptcy reason remains to justify keeping the automatic stay in place.

The debtor claimed the full fair market value of his home as exempt property, and no objection to the exemption claim was filed within the time limit of Fed. R. Bankr. P. 4003(b)(1).  The debtor does not contend that he fraudulently claimed the exemption or that 11 U.S.C. § 522(q) will apply in this case, such that one of the exceptions to the bar date of Rule 4003(b)(1) applies.  Accordingly, title to the property will pass to the debtor as exempt property.  11 U.S.C. § 522(l).  Property,

once exempt, is no longer property of the estate.  When the debtor's exemption claim places a property beyond the reach of the trustee, there is no reason (as far as administration of the estate is concerned) to keep the automatic stay in place.  This is recognized by 11 U.S.C. § 362(c)(1), which provides that the automatic stay of acts against property of the estate no longer applies once the property is no longer property of the estate.

The debtor has received a discharge.  The automatic stay of other acts (*i.e.*, acts other than the stay of acts against property of the estate) thus no longer applies.  11 U.S.C. § 362(c)(2)(C).

In opposing the motion, the debtor has not pointed to any right he has under the Bankruptcy Code that would authorize alteration of the creditor's foreclosure rights.  Instead, the debtor challenges the foreclosure under nonbankruptcy law.  The debtor complains that the movant has not shown that it actually is a creditor of the debtor (he contends that the movant is not "the true creditor"), but that is a defense that the debtor can raise in a nonbankruptcy forum.  The granting of the motion will not determine whether the movant has a right under nonbankruptcy law to proceed to foreclosure.

The debtor further complains that the chapter 7 trustee was served at "McLean, D.C. 22102" instead of "McLean, VA 22102," but the court will not require that the movant make service anew by

2

mail on the trustee.  The trustee received electronic notification of the filing of the motion when the motion was filed.  Moreover, the Postal Service undoubtedly routed the mailing to the trustee at his address in McLean, Virginia as the ZIP code used relates to McLean, Virginia.  In any event, even if service were defective, this is an appropriate circumstance in which to waive the requirement of service on the chapter 7 trustee pursuant to LBR 9029-1.  The debtor has exempted the home, and has not shown that stopping the foreclosure sale would have an impact on the administration of the estate.  Thus, he has not shown that the motion is one of concern to the chapter 7 trustee.  Accordingly, the court will dispense with any requirement of service anew on the chapter 7 trustee.

For all of these reasons, the court will grant the motion for relief from the automatic stay.

[Signed and dated above.]

Copies to: Debtor; recipients of e-notification.